DONNELLY, J.

SCANLON, M.J.

ORIGINAL

RECD IN PRO SE OFFICE JUL 10 '26 AM9:28

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALEX BANGIYEV,<br>Plaintiff,<br>-against-<br>TRUIST BANK d/b/a LIGHTSTREAM,<br>Defendant. | Case No. ________________<br>**COMPLAINT**<br>**JURY TRIAL DEMANDED**<br>CV 26- 4137 |

Plaintiff Alex Bangiyev ("Plaintiff"), proceeding *pro se*, for his Complaint against Defendant Truist Bank d/b/a LightStream ("Defendant" or "Truist"), alleges upon personal knowledge as to himself and his own acts, and upon information and belief as to all other matters, as follows:

**PRELIMINARY STATEMENT**

1. This is a civil action for actual, statutory, and punitive damages brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), and specifically 15 U.S.C. § 1681s-2(b), arising from Defendant's furnishing of inaccurate, incomplete, internally contradictory, and materially misleading credit information to Experian Information Solutions, Inc. ("Experian"), and Defendant's willful — or at minimum negligent — refusal to conduct the reasonable investigation the FCRA mandates upon receipt of a consumer dispute.

2. The FCRA "was crafted to protect consumers from the transmission of inaccurate information about them." *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995). Defendant's conduct here is the paradigm the statute was designed to punish: after Plaintiff formally disputed a tradeline riddled with internal contradictions, Defendant did not investigate, did not correct, and did not delete.

Instead, Defendant *doubled down* — advancing the reported past-due date forward by one month on an account it simultaneously reports as closed and charged off. That single act — "re-aging" a charged-off account in direct response to a consumer dispute — is not the product of any investigation, reasonable or otherwise. It is the fingerprint of an automated verification pipeline that never looked at the underlying account.

3. At the time of the dispute, the LightStream tradeline was the *sole* derogatory item on Plaintiff's Experian file. Its continued misreporting has already caused concrete, ascertainable, and legally cognizable harm: on June 18, 2026, Chase Card Services denied Plaintiff's application for a Chase Visa Signature business card, citing — as the sole stated reason — the very charge-off Defendant refuses to correct. Plaintiff seeks actual damages, statutory and punitive damages, injunctive correction of the tradeline, costs, and such other relief as this Court deems just and proper.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331 because this action arises under the laws of the United States.

5. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims occurred here — Plaintiff received, reviewed, and disputed the inaccurate consumer report in this District; the reinvestigation results were delivered to Plaintiff in this District; and Plaintiff's consequential injuries, including the Chase adverse action, were suffered in this District.

6. Venue is additionally proper under 28 U.S.C. § 1391(b)(1) and (c)(2) because Defendant is subject to this Court's personal jurisdiction: Defendant regularly transacts business within this District through its LightStream online lending platform, systematically

solicits New York consumers, and furnishes credit information concerning New York residents to consumer reporting agencies knowing that such information will be transmitted into and relied upon within this District.

## PARTIES

7. Plaintiff Alex Bangiyev is a natural person residing at 6692 Selfridge Street, Apt 2B, Forest Hills, New York 11375, and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8. Defendant Truist Bank is a North Carolina-chartered commercial bank with its principal place of business at 214 North Tryon Street, Charlotte, North Carolina 28202. "LightStream" is the online consumer-lending division and registered trade name of Truist Bank. Defendant is a "person" within the meaning of 15 U.S.C. § 1681a(b) and a "furnisher of information" within the meaning of 15 U.S.C. § 1681s-2, and regularly and in the ordinary course of business furnishes information relating to consumers — including the tradeline at issue — to one or more consumer reporting agencies as defined by 15 U.S.C. § 1681a(f).

9. Experian is a nationwide consumer reporting agency within the meaning of 15 U.S.C. § 1681a(p). Experian is not named as a defendant.

## FACTUAL ALLEGATIONS

### A. The LightStream Tradeline

10. Defendant furnishes to Experian, and upon information and belief to Equifax and TransUnion, a tradeline concerning a LightStream unsecured installment loan bearing account number LS6372XXXX (the "Tradeline"), reflecting an original loan amount of $47,500, an origination date of September 10, 2025, and a stated term of sixty (60) months.

11. As reflected in Plaintiff's Experian consumer disclosure dated June 18, 2026 (**Exhibit A**), the Tradeline reported the account as **"Closed"** and **charged off**, with a balance of **$47,137**, a past-due amount of **$47,137 as of May 2026**, a "status updated" date of May 2026, and a "balance updated" date of May 31, 2026.

**B. The Tradeline Is Inaccurate, Incomplete, and Materially Misleading**

12. Under the FCRA, a tradeline is actionably inaccurate not only when it is factually false but also when it is "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142, 148 (4th Cir. 2008); *accord Sessa v. Trans Union, LLC*, 74 F.4th 38, 43 (2d Cir. 2023); *Wenning v. On-Site Manager, Inc.*, No. 14-cv-9693, 2016 WL 3538379, at *8 (S.D.N.Y. June 22, 2016). The Tradeline is inaccurate and materially misleading in at least the following independently actionable respects:

a. **Internal Contradiction — "Closed / Charged Off" With an Actively Growing Past-Due Balance.** The Tradeline simultaneously reports the account as closed and charged off *and* reports an actively updating past-due amount that Defendant refreshes month over month. A closed and charged-off account cannot, by definition, generate a new past-due amount each month. This internally inconsistent composite is materially misleading to any user of the report evaluating Plaintiff's current delinquency status. *See Saunders*, 526 F.3d at 148–50.

b. **Missing Date of First Delinquency (§ 1681c(a)(4)/(5)).** The Tradeline omits the **date of first delinquency ("DOFD")** — the statutorily mandated anchor that starts the seven-year obsolescence clock under 15 U.S.C. § 1681c(a)(4) and § 1681c(a)(5). The omission is not a mere technicality: without a fixed DOFD, the Tradeline is structurally capable of being re-aged indefinitely, and, as set

forth below at ¶¶ 21–24, Defendant has in fact re-aged it.

c. **Unitemized, Inflated Past-Due Figure.** The past-due amount of $47,137 is not itemized as between principal, accrued interest, post-charge-off interest, late fees, or other charges. Upon information and belief, that figure includes post-charge-off interest and/or fees which are unverifiable and, as reported, materially misstate the amount Plaintiff is alleged to owe.

d. **Implausible Payment History Grid.** The Tradeline's payment-history grid reports the account as fully current in January and February 2026, then jumps to 30 days past due in March 2026, 60 days past due in April 2026, and charged off in May 2026. This ninety-day slide from perfect standing to charge-off is on its face inconsistent with Defendant's own written charge-off policies for LightStream unsecured installment loans, which upon information and belief require a minimum of 120 days of delinquency before charge-off. The grid does not accurately reflect Defendant's own payment ledger and is materially misleading.

e. **Blank Monthly Payment Field.** On a sixty-month, $47,500 installment loan, the "monthly payment" field is blank — an obvious omission for the single most basic data element of an installment tradeline, rendering the Tradeline both incomplete and non-compliant with the Consumer Data Industry Association's Metro 2 Format specifications governing installment-account reporting.

13. Each of the foregoing defects is, individually and collectively, a violation of Defendant's obligation to furnish information that is complete and accurate under 15 U.S.C. § 1681s-2(a)(1)(A) and non-misleading under prevailing FCRA case law. While § 1681s-2(a) is not directly enforceable by consumers, these underlying inaccuracies define the universe of information Defendant was obligated to investigate and correct

once notified of Plaintiff's dispute.

**C. Plaintiff's Dispute to Experian**

14. On or about **June 18, 2026**, Plaintiff sent to Experian a detailed written dispute of the Tradeline via **certified mail, return receipt requested**, USPS tracking number 9207 1901 4298 0484 5103 49. A true and correct copy of the dispute letter is attached as **Exhibit B**.

15. Plaintiff's dispute was not a bare, one-line assertion that the Tradeline was "not mine." It was a field-by-field, statutorily-anchored dispute that: (i) identified each specific inaccuracy set forth in ¶ 12(a)–(e) above; (ii) enclosed an annotated excerpt of the Tradeline keyed to the governing FCRA provisions and Metro 2 fields; (iii) enclosed copies of Plaintiff's government-issued identification and proof of address; and (iv) expressly demanded correction or deletion.

16. The specificity of Plaintiff's dispute is legally significant: the reasonableness of a furnisher's investigation "will depend in large part on the description of the dispute provided by the consumer reporting agency to the furnisher." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1157 (9th Cir. 2009). A detailed dispute demands a detailed investigation.

17. Upon information and belief, Experian complied with 15 U.S.C. § 1681i(a)(2) by, within five business days, transmitting to Defendant a notice of Plaintiff's dispute — including an Automated Consumer Dispute Verification ("ACDV") through the e-OSCAR system — that contained the specifics of Plaintiff's dispute and the annotated report excerpt.

**D. Defendant's Statutory Duties Upon Notice**

18. Upon receipt of Experian's notice, Defendant became statutorily obligated under 15 U.S.C. § 1681s-2(b)(1) to: (A) conduct an investigation with respect to the disputed

information; (B) review all relevant information provided by Experian pursuant to § 1681i(a)(2); (C) report the results of the investigation to Experian; (D) if the information is found to be inaccurate or incomplete or cannot be verified, report those results to all other consumer reporting agencies to which the furnisher had furnished the information; and (E) modify, delete, or permanently block the reporting of any information found to be inaccurate, incomplete, or unverifiable.

19. The investigation Defendant was required to perform is, as a matter of settled Second Circuit law, a *reasonable* one — meaning "an inquiry likely to turn up information about the truth of the disputed information." *Chiang v. Verizon New Eng. Inc.*, 595 F.3d 26, 37 (1st Cir. 2010) (cited approvingly by district courts within this Circuit); *Sessa*, 74 F.4th at 43–44. A furnisher may not "make merely a cursory investigation into the disputed information." *Johnson v. MBNA Am. Bank, NA*, 357 F.3d 426, 431 (4th Cir. 2004).

**E. Defendant's Failure to Reasonably Investigate — and Its Re-Aging of the Tradeline**

20. On **July 1, 2026**, Experian issued the results of its reinvestigation, Report No. 2322-1542-72, stating that the Tradeline was **"Updated — Information on this item has been updated."** A true and correct copy of the dispute results is attached as **Exhibit C**.

21. The "update" did not correct a single one of the disputed inaccuracies. To the contrary, in direct response to Plaintiff's dispute, the Tradeline continued to report the account as closed and charged off with $47,137 written off, while:

a. advancing the reported past-due date **from "$47,137 past due as of May 2026" to "$47,137 past due as of Jun 2026"** — a one-month forward re-aging of the delinquency;

b. refreshing the "balance updated" date to **June 30, 2026**; and

c. leaving every other disputed field — DOFD, monthly payment amount, unitemized past-due composition, implausible payment grid — untouched.

22. **Advancing the past-due date on a purportedly closed, charged-off account is per se unreasonable.** A closed, charged-off account cannot generate new delinquency each month; charge-off is, by its own logic and by Defendant's own accounting policies, a terminal event. Moving the past-due date forward is not the output of any investigation of the account's actual status. It is the automated output of a system that treats every ACDV response as an occasion to refresh cosmetic fields without touching substance.

23. The re-aging violates 15 U.S.C. § 1681s-2(a)(5)(A) (prohibiting furnishers from reporting delinquencies with a date later than the actual date of first delinquency) and forecloses the seven-year obsolescence protection of § 1681c(a)(4). While § 1681s-2(a) is not directly enforceable by private plaintiffs, the re-aging is itself powerful *evidence* that Defendant's § 1681s-2(b) investigation was, in fact, no investigation at all.

24. Upon information and belief, Defendant's response to Plaintiff's dispute was processed through an automated e-OSCAR/ACDV pipeline in which a low-level dispute-resolution employee (or an algorithm) did no more than compare the two- or three-digit dispute code transmitted by Experian against the data already in Defendant's own system, and reflexively coded the account "verified as reported." That is the paradigmatic "parroting" of internal records that the Fourth, Sixth, Seventh, Ninth, and Eleventh Circuits have uniformly held is *not* a reasonable investigation. *See Johnson*, 357 F.3d at 431; *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 617 (6th Cir. 2012); *Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295, 1302 (11th Cir. 2016); *Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005); *Gorman*, 584 F.3d at 1157.

25. Defendant failed to:

a. review the annotated report excerpt Experian transmitted with the ACDV;

b. compare each entry of the payment-history grid against its own payment ledger for the loan;

c. report or verify the DOFD;

d. itemize or verify the composition of the $47,137 past-due figure;

e. correct or populate the monthly payment field;

f. reconcile the internal contradiction between "closed / charged off" and an actively updating past-due amount; and

g. modify, delete, or permanently block any of the inaccurate, incomplete, or unverifiable information.

**F. Materiality and Damages**

26. The Tradeline is the **sole** derogatory account on Plaintiff's Experian file. Every other account reports positive. The consequence of that structural fact is that every negative impact on Plaintiff's Experian-derived credit posture is directly and exclusively causally traceable to the Tradeline.

27. Plaintiff's Experian FICO Score 8 as of June 18, 2026 was **661**. The "reasons your score is not higher" identified by FICO — serious delinquency, recent missed payment, and amount past due on accounts — are all attributable, on the face of the report, entirely to the Tradeline. **Exhibit A.**

28. On **June 18, 2026**, Chase Card Services denied Plaintiff's application for a Chase Visa Signature business card. The adverse-action notice (Reference No. 260618557065, attached as **Exhibit D**) identifies as the **sole stated reason**: **"Consumer report reflects charge-off(s) or bad debt collection(s)."** The consumer report identified is the Experian report — the report bearing the inaccurate, misleading, and re-aged

Tradeline furnished by Defendant.

29. The Chase denial is not speculative future harm; it is concrete, contemporaneous, past harm directly caused by Defendant's continued furnishing of the inaccurate Tradeline after Defendant was on notice of the dispute. It establishes Article III injury-in-fact of the type recognized in *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), and constitutes actual damage under § 1681o(a)(1) and § 1681n(a)(1)(A).

30. As a direct and proximate result of Defendant's continued furnishing of inaccurate, incomplete, and materially misleading information — and of its re-aging of the delinquency in the very act of purporting to "investigate" — Plaintiff has suffered and continues to suffer:

a. damage to reputation and creditworthiness;

b. a depressed FICO score materially below the score he would otherwise carry;

c. denial of credit (the Chase Visa Signature business card) and, upon information and belief, loss of the ability to obtain credit on favorable terms;

d. out-of-pocket costs of dispute, including certified mail, copies, and postage;

e. substantial time and effort in disputing and monitoring the Tradeline; and

f. emotional distress, humiliation, embarrassment, sleeplessness, and anxiety.

## COUNT I

### Willful Noncompliance with 15 U.S.C. § 1681s-2(b) — 15 U.S.C. § 1681n

31. Plaintiff repeats and realleges paragraphs 1 through 30 as if fully set forth herein.

32. After receiving notice of Plaintiff's dispute from Experian pursuant to 15 U.S.C. § 1681i(a)(2), Defendant willfully failed to comply with each of its duties under 15 U.S.C. § 1681s-2(b)(1)(A)–(E).

33. Defendant's conduct is willful within the meaning of *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47, 57 (2007) — meaning knowing or in reckless disregard of the statute — as demonstrated by the following non-exhaustive indicia:

a. Defendant is one of the largest banks in the United States and one of the highest-volume furnishers of consumer credit data. It is chargeable with knowledge of § 1681s-2(b) and of the settled circuit-court authority defining what a "reasonable investigation" requires.

b. Defendant received a detailed, field-by-field, statutorily-anchored dispute — not a bare "not mine" — and elected to process it through an automated pipeline rather than route it to a human capable of reading the underlying payment ledger.

c. Defendant's "investigation" produced an output — advancing the past-due date on a closed, charged-off account — that no reasonable investigation could produce. The output itself is evidence that no investigation occurred.

d. Defendant maintains, upon information and belief, written policies and procedures that direct dispute-handling personnel to "verify as reported" whenever internal system data matches the disputed data, without regard to whether the internal system data is itself accurate — a policy the Consumer Financial Protection Bureau has repeatedly identified as violative of § 1681s-2(b). *See, e.g.*, CFPB Supervisory Highlights, Consumer Reporting Special Edition (2021, 2023).

e. Defendant's conduct is not a one-off error; upon information and belief, Defendant has been the subject of multiple prior FCRA § 1681s-2(b) actions arising from substantially identical automated-verification failures. Defendant's persistence in the same conduct after prior notice demonstrates reckless disregard.

34. Plaintiff is entitled, pursuant to 15 U.S.C. § 1681n(a), to recover from Defendant:

a. actual damages sustained by Plaintiff, or statutory damages of not less than $100 and not more than $1,000 per violation, at Plaintiff's election;

b. punitive damages in an amount to be determined by the jury; and

c. the costs of this action.

## COUNT II

### Negligent Noncompliance with 15 U.S.C. § 1681s-2(b) — 15 U.S.C. § 1681o

35. Plaintiff repeats and realleges paragraphs 1 through 30 as if fully set forth herein.

36. Pleaded in the alternative to Count I: Defendant negligently failed to comply with each of its duties under 15 U.S.C. § 1681s-2(b)(1)(A)–(E) by failing to conduct a reasonable investigation, failing to review all relevant information transmitted by Experian, and failing to correct, complete, or delete inaccurate, incomplete, and unverifiable information.

37. As a direct and proximate result of Defendant's negligent noncompliance, Plaintiff has suffered actual damages as set forth in ¶ 30 above and is entitled to recover, pursuant to 15 U.S.C. § 1681o(a), actual damages and the costs of the action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Alex Bangiyev respectfully prays that this Court enter judgment against Defendant Truist Bank d/b/a LightStream as follows:

A. For actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a)(1), in an amount to be determined at trial;

B. For statutory damages of not less than $100 and not more than $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A);

C. For punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), in an amount sufficient to deter Defendant and similarly-situated furnishers from the automated-verification conduct alleged herein;

D. For an award of the costs of this action pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

E. For declaratory and injunctive relief, to the extent available, directing Defendant to (i) permanently correct or delete the Tradeline; (ii) transmit universal data-form ("UDF") deletion or correction instructions to Experian, Equifax, TransUnion, and each other consumer reporting agency to which Defendant has furnished the Tradeline; and (iii) refrain from re-reporting the deleted or corrected information;

F. For pre-judgment and post-judgment interest at the maximum lawful rate; and

G. For such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and the Seventh Amendment to the United States Constitution, Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: Forest Hills, New York
July 10, 2026

Respectfully submitted,

[signature]

**ALEX BANGIYEV**
Plaintiff, *Pro Se*

6692 Selfridge Street, Apt 2B
Forest Hills, New York 11375
Telephone: 917-889-1549
Email: albangiyev@gmail.com

## INDEX OF EXHIBITS

**Exhibit A** — Experian consumer credit disclosure of Alex Bangiyev, dated June 18, 2026, including the LIGHTSTREAM/TRUIST BANK tradeline (account LS6372XXXX) and FICO® Score 8 disclosure with negative-factor codes.

**Exhibit B** — Plaintiff's written dispute letter to Experian, dated June 18, 2026, transmitted via United States Postal Service certified mail, return receipt requested (tracking no. 9207 1901 4298 0484 5103 49), with annotated tradeline excerpt.

**Exhibit C** — Experian dispute results, dated July 1, 2026, Report No. 2322-1542-72, reflecting the LIGHTSTREAM/TRUIST BANK tradeline as "Updated" and reporting "$47,137 past due as of Jun 2026" on an account simultaneously reported as closed and charged off.

**Exhibit D** — Adverse-action notice from Chase Card Services, dated June 18, 2026, Reference No. 260618557065, denying Plaintiff's application for a Chase Visa Signature business card based on an Experian consumer report reflecting "charge-off(s) or bad debt collection(s)."

JS 44C/SDNY
REV. 12/2025

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| ALEX BANGIYEV | TRUIST BANK d/b/a LIGHTSTREAM |
| ATTORNEYS (Firm Name, Address, And Telephone Number) | ATTORNEYS (If Known) |
| Pro Se 917-889-1549 | |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

15 U.S.C. §§ 1681 et seq. — Fair Credit Reporting Act; 15 U.S.C. § 1681s-2(b), § 1681n, & §1681o.

Has this action, case, or proceeding, or one essentially the same, been previously filed in SDNY at any time? No ☒ Yes ☐ ____________________
(If yes, Judge Previously Assigned)

If yes, was this case Vol. ☐ Invol. ☐ Dismissed. No ☐ Yes ☐ If yes, give date ______________ & Case No. ______________

Is this an international arbitration case? Yes ☐ No ☐

NATURE OF SUIT *(PLACE AN [x] IN ONE BOX ONLY)* Click here for: Nature of Suit Code Descriptions.

## TORTS

**Contract**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery Of Overpayment & Enforcement Of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery Of Defaulted Student Loans (Excl Veterans)
- ☐ 153 Recovery Of Overpayment Of Veteran's Benefits
- ☐ 160 Stockholders Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**Torts**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury Product Liability
- ☐ 367 Health Care/ Pharmaceutical
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth In Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts To Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Civil Rights**
- ☐ 440 Other Civil Rights (Non-Prisoner)
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Americans With Disabilities - Employment
- ☐ 446 Americans With Disabilities - Other
- ☐ 448 Education

**Prisoner Petitions**

Habeas Corpus
- ☐ 463 Alien Detainee
- ☐ 510 Motions To Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions Of Confinement

## ACTIONS UNDER STATUTES

**Forfeiture/Penalty**
- ☐ 625 Drug Related Seizure Of Property 21 USC 881
- ☐ 690 Other

**Labor**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act (FMLA)
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act (ERISA)

**Immigration**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Intellectual Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**Social Security**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(G))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**Federal Tax Suits**
- ☐ 870 Taxes (U.S. Plaintiff Or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**Other Statutes**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks & Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced & Corrupt Organization Act (Rico)
- ☒ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Satellite TV
- ☐ 850 Securities/ Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom Of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/ Review or Appeal of Agency Decision
- ☐ 950 Constitutionality Of State Statutes

<u>Check if demanded in complaint:</u>

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $____________ OTHER ____________

*Check YES only if demanded in complaint*

JURY DEMAND: ☒ YES ☐ NO

Do you claim this case is related to a civil case now pending in S.D.N.Y. as defined by Local Rule For Division of Business 13?
If so, state:

JUDGE ________________ DOCKET NUMBER________________

NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32) with an explanation as to why the cases are deemed related.

(PLACE AN X IN ONE BOX ONLY) **ORIGIN**

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ a. all parties represented
☐ b. At least one party is pro se.
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from (Specify District)
☐ 6 Multidistrict Litigation (Transferred)
☐ 7 Appeal to District Judge from Magistrate Judge
☐ 8 Multidistrict Litigation (Direct File)

(PLACE AN x IN ONE BOX ONLY) **BASIS OF JURISDICTION**

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☒ 3 Federal Question (U.S. Government NOT A PARTY)
☐ 4 Diversity

***IF DIVERSITY, INDICATE CITIZENSHIP BELOW.***

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | ☐ 1 | ☐ 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | ☐ 3 | ☐ 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | ☐ 5 | ☐ 5 |
| CITIZEN OF ANOTHER STATE | ☐ 2 | ☐ 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | ☐ 4 | ☐ 4 | FOREIGN NATION | ☐ 6 | ☐ 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

6692 Selfridge Street, Apt 2B,
Forest Hills, New York 11375

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

TRUIST BANK d/b/a LIGHTSTREAM C/o Corporation Service Company
2626 Glenwood Avenue, Suite 550
Raleigh, NC 27608

DEFENDANT(S) ADDRESS UNKNOWN
Representation is hereby made that, at this time, I have been unable, with reasonable diligence, to ascertain the residence addresses of the following Defendants:

**COURTHOUSE ASSIGNMENT**

I have reviewed Rules 18(a) and 20(a) of the Rules for the Division of Business Among District Judges, Southern District of New York, and I hereby certify that this case should be assigned to the courthouse indicated below pursuant thereto.

Check one: THIS ACTION SHOULD BE ASSIGNED TO: ☐ WHITE PLAINS ☐ MANHATTAN
(DO NOT check either box if this a PRISONER PETITION.)

DATE SIGNATURE OF ATTORNEY OF RECORD

ADMITTED TO PRACTICE IN THIS DISTRICT
☐ NO
☐ YES (DATE ADMITTED Mo. _______ Yr. _______)
Attorney Bar Code #____________

RECEIPT #

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge ________________________________ is so Designated.

Tammi M. Hellwig, Clerk of Court by ________________ Deputy Clerk, DATED ________________.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)